ELIX KRAVITZ, Respondent, v. ANNA LEVY and Another, Defendants, and C. B. W. HOLDING CORPORATION, Appellant.— Motion for reargument denied. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

EDNA LINK, Respondent, v. O-SO-WHITE, INC., Appellant.— Motion to extend time to answer denied. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

ROBERT K. MACLEA, Appellant, v. FREDERICK W. SMYTHE and HARRY T. LINDEBERG, Respondents.— Motion to dismiss appeal granted, with ten dollars costs, and appeal dismissed, with costs. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

ANNA MILLER and ELLEN BULLOCK, Respondents, v. GRACE F. MULVEY, Defendant, and GEORGE W. BERSCH and Others, Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

EMANUEL NEWMAN, as Agent of DANDY REALTY Co., INC., Respondent, v. PETER GEORGE, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

HERMAN PERSSON, Respondent, v. GULF REFINING COMPANY, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROCCO GULIETTA, Appellant.— Motion to enlarge time to perfect and argue appeal granted and time enlarged to the May term. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE J. O'NEILL, Appellant.— Motion granted and time to perfect and argue appeal enlarged to the May term. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL RICHETTI, Appellant.— Motion for reargument of motion denied. Motion for enlargement of time denied. Motion to resettle order granted and order resettled so as to provide that the determination was made for want of power under the stat-